United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Bayeh Kasahun Muneye, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3179 |
| | § | |
| Raymond Thompson, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Bayeh Kasahun Muneye is a native and citizen of Ethiopia who unlawfully entered the United States in 2025. Docs. 1 at 5, 11-1 at 18. Upon entering the country, Petitioner was immediately detained by the Department of Homeland Security and placed in expedited removal proceedings. Doc. 11-1. Petitioner was initially found to have a credible fear of persecution or torture if returned to Ethiopia, but an immigration judge denied his asylum application and ordered his removal. *Id.* Petitioner timely appealed the removal order and asylum determination, and his appeal remains pending with the Board of Immigration Appeals. Docs. 1 at 10, 11-1.

Pending the appeal, he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. Docs. 1 at 10. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates due process.[1]

---

[1] The Petition does not specify whether Petitioner argues his detention without a bond hearing

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 11, to which Petitioner has responded in opposition, Doc. 12. Respondent maintains that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(1).[2]

This Court has previously resolved the precise challenges raised by Petitioner, noting that "aliens 'detained shortly after unlawful entry' have 'only those rights regarding admission that Congress has provided by statute.'" *Hossain v. Thompson*, 4:26-cv-3182 at 5 (citing *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020)). Accordingly, for aliens such as Petitioner, detention pending a final asylum determination is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the asylum application and removal process. *See id.* at 4–5.

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be

---

violates substantive or procedural due process. *See* Doc. 1 at 13–14. The Court assumes that Petitioner intends to raise due both due process challenges.

[2] Respondent characterizes Petitioner's detention as both pursuant to "INA § 235(b)(1)" and "8 U.S.C. § 1225(b)(2). Doc. 11 at 2. These subdivisions, however, contemplate two distinct detention schemes. The former mandates detention of arriving aliens pending consideration of an application for asylum *See* 8 U.S.C. § 1225(b)(1)(B)(ii). In contrast, 8 U.S.C. § 1225(b)(2) generally requires that "applicants for admission" remain detained before a removal proceeding, but aliens that remain in the asylum review process under (b)(1) are specifically excluded from its purview. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).; 8 U.S.C. § 1225(b)(2)(B)(ii). Because Petitioner's asylum determination remains pending, his detention is mandated by 8 U.S.C. § 1225(b)(1)(B)(ii).

entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 24th of July, 2026.

Nicholas J. Ganjei
United States District Judge